```
                                              IN RE
                                              MICHAEL ALLEN BURDETTE
                                              223 OAKLEAF DR.
 1500544-Court-A-Unit
 ANTHONY L. REGISTER                          WILMINGTON, NC 28403
 701 N. 4TH STREET                                      SSN or Tax I.D.   XXX-XX-2629
 ATTORNEY AT LAW
 WILMINGTON, NC 28401-0000




 United States Bankruptcy Court
 PO Box 791
 Raleigh, NC 27602                            Chapter 13
                                              Case Number:  15-00544-5-SWH
```

                       NOTICE OF MOTION FOR CONFIRMATION OF PLAN

Richard M. Stearns, Chapter 13 Trustee has filed papers with the Court to Confirm the Chapter 13 Plan.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to consider your views on the motion, then on or before 08/29/2016, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

```
                          U.S. Bankruptcy Court
                          PO Box 791
                          Raleigh, NC  27602
```

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

| Debtor(s): | Attorney: | Trustee: |
|---|---|---|
| MICHAEL ALLEN BURDETTE | ANTHONY L. REGISTER | Richard M. Stearns |
| 223 OAKLEAF DR. | 701 N. 4TH STREET | 1015 Conference Dr. |
| WILMINGTON, NC 28403 | ATTORNEY AT LAW | Greenville, NC 27858 |
| | WILMINGTON, NC 28401-0000 | |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

```
Date: July 27, 2016                           Richard M. Stearns
                                              Chapter 13 Trustee
                                              1015 Conference Dr.
                                              Greenville, NC 27858
```

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILMINGTON DIVISION**

IN RE:  CASE NUMBER: 15-00544-5-SWH

**MICHAEL ALLEN BURDETTE**

**CHAPTER 13**

DEBTOR(S)

**MINUTES OF 341 MEETING AND**
**MOTION FOR CONFIRMATION OF PLAN**

NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the Court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on March 3, 2015, or has supplied answers to written interrogatories;

2. The debtor(s) has/have complied with all requirements of 11 U.S.C. §521 (a) (1) (B) and Interim Bankruptcy Rules 1007 and 4002 (b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521 (i);

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. That the Trustee has reviewed the schedules and relative information in the debtor(s) petition and has made a determination of the disposable income for the debtor(s) in this case. The calculation of disposable income impacts on what, if any, dividend will be received by unsecured creditors. The debtor(s) plan provides for payments of:

    $1,500.00 PER MONTH FOR 12 MONTHS, $3000.00 PER MONTH FOR 24 MONTHS, THEN, $3700.00 PER MONTH FOR 24 MONTHS. TOTAL: 60 MONTHS.

5. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this Plan;

6. Generally, and subject to orders entered hereafter by the Court, any proof of claim that is not filed on or before June 1, 2015 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before August 3, 2015 ("Government Bar Date") shall be disallowed;

7. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below:

    a. Claims to be paid directly by the Debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| #008 CAPE FEAR LENDING, INC. | 2004 INFINITI QX56 | **TO BE PAID DIRECT.** |

    b. Continuing Long Term Debts to be paid by the Trustee:

> **IF A PROOF OF CLAIM IS TIMELY FILED** the claim is to be paid on a monthly basis according to the terms of the contract effective the first month after confirmation.  Arrearages, if any, to be paid over the life of the plan.
> Two post-petition contractual payments shall be included in the arrearage claim.
> **The Debtor is to resume direct payments upon completion of plan payments. (SEE PARAGRAPH 8 BELOW)**
> .

| Creditor | Collateral |
|---|---|
| NONE | |

    c. Claims paid to extent of claims as filed (no cramdown):

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

    d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| #009 INTERNAL REVENUE SERVICE | 2-07, 09-14 ASSESSED | $126,359.84 SECURED | TO BE PAID OVER THE TERM OF THE PLAN @ **3.00% INTEREST.** |

    e. Claims to be avoided by the debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

    Pursuant to Local Rule 3070-1(b) some secured creditors may be entitled to pre-confirmation adequate protection payments.

8. **LONG TERM RESIDENTIAL MORTGAGE CLAIMS** shall be paid in a manner consistent with Local Rule 3070-2.

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as: "Abandon," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic co-debtor

stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(a)(1), as allowed by Local Rule 4001-1(b):

NONE

Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief;

10. That the treatment of claims indicated in paragraphs 7, 8 and 9 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. That confirmation of the Plan vests all property of the estate in the debtor(s);

15. That the attorney for the debtor(s) is requesting fees in the amount of $3,700.00. The Trustee recommends to the Court a fee of $3,700.00. If the recommended fee is different from that requested an explanation can be found in Exhibit 'A'.

16. Other Provisions:   NONE

                                              RICHARD M. STEARNS

                                              _____

                                              Standing Chapter 13 Trustee

EXHIBIT A

**DEBTOR(S):**     MICHAEL BURDETTE          **CASE NUMBER:**     15-00544-5-SWH

**EMPLOYMENT:**

| | | |
|---|---|---|
| Debtor: SELF EMPLOYED | Combined Gross Income: | $2,300.00 |
| Spouse: | Net Projected Disposable Income: | $0.00 |

**REAL PROPERTY:**

☒ Attached Building & Land  ☐ Mobile Home and Land  ☐ Land Only  ☐ Mobile Home Only
Description:          RESIDENCE @ 223 OAKLEAF DRIVE
Scheduled Value:    $131,500.00
Tax Value:               $131,500.00
Exemption:             $0.00


☐ Attached Building & Land  ☐ Mobile Home and Land  ☐ Land Only  ☐ Mobile Home Only
Description:
Scheduled Value:
Tax Value:
Exemption:


**PERSONAL PROPERTY:**
Total Value Scheduled:    $11,945.00
Fair Market Value:          $14,545.00
Comments:

**ATTORNEY FEES**

| | |
|---|---|
| Total Requested Fee (Excluding Filing Fee): | $3,700.00 |
| Trustee Recommended Fee (Including Fees Paid to Attorney Pre-Petition): | $3,700.00 |
| Total Paid to Date (Excluding Filing Fee): | $0.00 |
| Balance to be Paid through the Plan: | $3,700.00 |
| Comments: | |

**PLAN INFORMATION:**

| | | |
|---|---|---|
| Total Debts as of Date of Motion for Confirmation: | | $217,176.01 |
| Secured: | $136,231.20 | |
| Priority: | $23,787.22 | |
| General Unsecured: | $57,157.59 | |
| Gross Amount to be Paid by Debtor(s): | | $178,800.00 |
| Administrative Allowance (Including Debtor(s) Attorney Fees): | | $18,004.00 |
| Net Available to Pay Debts: | | $160,796.00 |

**OTHER COMMENTS:**

# CERTIFICATE OF MAILING

| | | | |
|---|---|---|---|
| CASE: 1500544 | TRUSTEE: 54 | COURT: 278 | Page 1 of 1 |
| TASK: 07-26-2016.00822734.LSA000 | | DATED: 07/27/2016 | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Trustee | | Richard M. Stearns | 1015 Conference Dr.<br>Greenville, NC 27858 |
| Debtor | | MICHAEL ALLEN BURDETTE | 223 OAKLEAF DR.<br>WILMINGTON, NC 28403 |
| 799 | 000002 | ANTHONY L. REGISTER<br>ATTORNEY AT LAW | 701 N. 4TH STREET<br>WILMINGTON, NC 28401-0000 |
| IRS | 000005 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY | P.O. BOX 7317<br>PHILADELPHIA, PA 19101-7317 |
| 009 | 000014 | INTERNAL REVENUE SERVICE | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| 009 | 000013 | INTERNAL REVENUE SERVICE | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| 009 | 000009 | INTERNAL REVENUE SERVICE | PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 |
| ATYGEN | 000003 | ATTORNEY GERERAL<br>950 PENNSYLVANIA AVENUE, NW | US DEPARTMENT OF JUSTICE<br>WASHINGTON, DC 20530 |
| USATTY | 000007 | US ATTORNEY<br>310 NEW BERN AVE, FEDERAL BLDG | ATTENTION: BANK OFFICER, STE 800<br>RALEIGH, NC 27601-1461 |
| 010 | 000010 | NC DEPT. OF REVENUE<br>PO BOX 1168 | BANKRUPTCY UNIT<br>RALEIGH, NC 27602-1168 |
| NCREV | 000006 | NC DEPT. OF REVENUE<br>PO BOX 1168 | BANKRUPTCY UNIT<br>RALEIGH, NC 27602-1168 |
| ESC | 000004 | EMPLOYMENT SECURITY COMMISSION<br>CHAPTER 13 BANKRUPTCY | PO BOX 26504<br>RALEIGH, NC 27611 |
| 008 | 000008 | CAPE FEAR LENDING INC | POB 10960<br>WILMINGTON, NC 28404 |
| 013 | 000015 | WELLS FARGO BANK | PO BOX 5058 MAC P6053-021<br>PORTLAND, OR 97208 |
| 016 | 000016<br>*CM | WELLS FARGO<br>PO BOX 5058 | ATTENTION: BANK OFFICER<br>PORTLAND, OR 97208 |

16 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 07/27/2016.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   07/27/2016   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail